IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH – NORTHERN DIVISION

| | |
|---|---|
| NELSON BELETSO,<br><br>    Plaintiff,<br><br>v.<br><br>JUSTIN SHERMAN,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>Case No. 2:12-cv-419-DN<br><br>Judge David Nuffer |

    Plaintiff, Nelson Beletso, was an inmate at Carbon County Jail (CCJ). Plaintiff alleges that, during his time at CCJ, Defendant Justin Sherman denied him adequate medical care. He brings suit under 42 U.S.C.S § 1983 (2013). Defendant argues that Plaintiff never filed a grievance and therefore has failed to exhaust his administrative remedies as required to bring suit. Defendant's Motion for Summary Judgment based on exhaustion is GRANTED in this order. (Doc. 34.)

## ANALYSIS

### I. Accepted material facts for summary-judgment purposes only

    1.    On April 20, 2009, Plaintiff was transferred to CCJ through Utah State Prison Inmate Placement Program. (Compl., ¶ 5; Decl. of Lt. Sherman, ¶ 1, Doc. 34-1.)

    2.    Plaintiff was released from CCJ on January 5, 2010. (Compl., ¶ 13; Decl. of Lt. Sherman, ¶ 1.)

    3.    During all relevant times, Defendant Sherman was the CCJ Commander and, thus, responsible for CCJ's administration. (Compl., ¶ 2; Decl. of Lt. Sherman, ¶ 2.)

4. All CCJ inmates are given a copy of CCJ's Inmate Handbook, containing CCJ's grievance policy, which allows inmates to file grievances seeking redress of alleged injuries. (Decl. of Lt. Sherman, ¶¶ 4-5.)

5. CCJ keeps record of all inmate grievances, for which Defendant Sherman is custodian of records, having access to all. (Decl. of Lt. Sherman, ¶¶ 6-7.)

6. Defendant Sherman searched all grievance files and discovered that there are no grievances from Plaintiff on file. (Decl. of Lt. Sherman, ¶¶ 8-9.)

## II. Legal standards

### a. Summary judgment

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A mere factual dispute will not preclude summary judgment; rather there must be a genuine issue of material fact. *See Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). The moving party bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's case." *Cellotex v. Catrett*, 477 U.S. 317, 325 (1986). This burden may be met merely by identifying portions of the record which show an absence of evidence to support an essential element of the opposing party's case. *Johnson v. City of Bountiful*, 996 F. Supp 1100, 1102 (D. Utah 1998).

Once the moving party satisfies its initial burden "the burden then shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element." *Id.* Courts need not blindly accept the plaintiff's version of events, but rather it is the "factual matrix" most favorable to the plaintiff that this Court must consider. *See Carr v. Castle*, 337 F.3d 1221, 1227 (10th Cir. 2003).

Further, in opposing summary judgment the plaintiff must provide "significant probative evidence tending to support the complaint." *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

The Tenth Circuit has recognized that, given the fact-sensitive nature of exhaustion determinations, "[a] motion for summary judgment limited to the narrow issue of exhaustion and the prisoner's efforts to exhaust [is] appropriate." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir.2003), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007). When deciding such a limited motion for summary judgment, the Court applies typical summary-judgment rules. *Id.* Thus, the moving party bears the initial burden of showing that there is no evidence to support the plaintiff's contention that he exhausted all available administrative remedies. Once the moving party has made such a showing, the burden then shifts to the nonmoving party to produce admissible evidence showing that genuine issues of material fact exist that would preclude summary judgment on the exhaustion question.

### b. Exhaustion Requirement

The United States Supreme Court and the Tenth Circuit have been clear that the exhaustion requirement must be met in before a § 1983 claim is brought in federal court:

> The Prison Litigation Reform Act (PLRA) imposes a mandatory exhaustion requirement on inmates challenging prison conditions in federal court:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> 42 U.S.C. § 1997e(a); [ ]. An inmate's failure to exhaust is an affirmative defense and the burden is on the defendant to prove the failure to exhaust.

3

> See *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 921, 166 L.Ed.2d 798
> (2007); *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir.2007).

*Thomas v. U.S. Bureau of Prisons*, No. 07-1426, 2008 U.S. App. LEXIS 13415, at *5-6 (10th Cir. June 24, 2008).

Further, the United States Supreme Court has held that a prisoner must exhaust administrative remedies even when the relief sought cannot be granted by the administrative process. *Booth v. Churner*, 532 U.S. 731, 734, 741 n. 6 (2001) (stressing "we will not read futility or other exceptions into [the PLRA's] exhaustion requirements where Congress has provided otherwise"). "An inmate properly exhausts by completing all the steps of the prison's administrative grievance process." *Hardeman v. Sanders*, No. 10-7019, 2010 U.S. App. LEXIS 20467, at *5 (10th Cir. Oct. 4, 2010) (unpublished).

### III. Defendant's Motion for Summary Judgment

In support of his motion, Defendant's sworn declaration states that Plaintiff filed no grievances at CCJ. With the burden of proof placed back on him, Plaintiff responds with unsupported general statements that he grieved Defendant's failure to provide adequate medical treatment (Doc. 41). Plaintiff has thus not met his burden on summary judgment of placing Defendant's sworn declaration at issue.

The undisputed material facts show that Plaintiff did not file any grievances while at CCJ. Thus, he could not possibly have exhausted CCJ's exhaustion process regarding his alleged inadequate medical care.

### CONCLUSION

Plaintiff has not provided competent evidence that he sought relief under CCJ's grievance policy. He therefore failed to exhaust his administrative remedies as required by the PLRA.

IT IS ORDERED that Defendant's Summary Judgment Motion is GRANTED. (*See* Doc.

34.) This case is CLOSED.

DATED this 13th day of February, 2014.

BY THE COURT:

_____
Judge David Nuffer
United States District Court